IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBEN RAY ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-075 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS
### PETITION FOR A WRIT OF HABEAS CORPUS

On April 6, 2010,[1] petitioner, RUBEN RAY ROMERO, a state prisoner confined in the Neal Unit in Potter County, Texas filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner advises he is confined pursuant to several October 30, 2007 convictions out of Potter County upon his guilty plea—one conviction for burglary of a habitation, three convictions for possession of a firearm by a felon, two convictions for aggravated assault with a deadly weapon, and one conviction for deadly conduct with a firearm. Petitioner states he received a fifteen-year sentence for each conviction, sentences to run concurrently. Because this Court finds petitioner is time barred from asserting his claims, the undersigned recommends Romero's petition be DISMISSED.

---

[1] Even though the petition was received and file marked by this Court on April 7, 2010, petitioner's petition is deemed filed on April 6, 2010, which is the date he delivered the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

I.
PETITIONER'S ALLEGATIONS

In his petition, petitioner alleges his 2007 convictions were unlawful because:

1. Petitioner received ineffective assistance of counsel because his attorney failed to investigate the case and discover mitigating evidence.

2. Petitioner's guilty plea was "unintelligent, unknowing, involuntary, and coerced."

3. The indictment was incorrect because petitioner's middle name and date of birth listed on the indictment were incorrect.

4. Petitioner received ineffective assistance of counsel because his attorney "did not truthfully and fully advise [petitioner] about appellate [and] post conviction remedies."

5. Petitioner received ineffective assistance of counsel because his attorney had a conflict of interest.

6. The prosecutor and petitioner's attorney conspired together in the suppression of exculpatory affidavits.

7. Petitioner is actually innocent.

II.
THE PETITION IS NOT TIMELY FILED

*A. Time Limitations*

Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). The pertinent provision of that statute states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Title 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

>   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. The Time Line in Petitioner's Case

According to the habeas corpus petition, the date of judgment of conviction in Romero's case was October 30, 2007.[2] Petitioner did not directly appeal his convictions. Therefore, they became final thirty days after the entry of judgment, which was November 29, 2007. *See* Tex. R. App. P. 26.2(a)(1). Absent any tolling, the one-year limitations period established in 28 U.S.C. § 2244(d)(1) would have expired November 29, 2008.

Petitioner states he filed a state application for a writ of habeas corpus on March 6, 2009. According to petitioner (and verified by the Texas Courts Online Court of Criminal Appeals website) the state application was denied March 3, 2010 without written order on the trial court's findings.[3] Petitioner's state habeas corpus application was filed more than three months after the one-year limitations period ran. Section 2244(d)(1) only tolls state actions taken *within* the one year after the conviction's finality. *See id.* Because the state habeas corpus application in this case was not filed within one year after November 29, 2007, it cannot equitably toll the AEDPA time period.

As explained above, without any tolling, Romero's federal habeas corpus petition was due

---

[2] It appears from page two of Exhibit F attached to the memorandum in support filed by petitioner that he received five years of deferred adjudication on October 18, 2006. Deferred adjudication appears to have been revoked on October 30, 2007 after petitioner admitted to using marijuana and methamphetamine.

[3] Petitioner additionally states he mailed a "Motion Urging the Court to Reconsider" on March 11, 2010. He has not updated the Court as to the status of the motion, but the Texas Courts Online Court of Criminal Appeals website indicates that court received a Motion for Reconsideration on March 15, 2010, which was denied March 25, 2010. *In reRomero*, WR-71,935-01, -02, -03, -04, -05, -06, -07.

November 29, 2008. Romero did not file his federal petition, however, until April 6, 2010. This was over one year after it was due. Exacerbating the clear untimeliness of this petition is the fact that petitioner was informed by this Court before the limitations period ran of the deadline date for filing his federal petition. In early November 2008, petitioner filed a "Motion for Leave of the Court for Extension of Time to File Petitioner's 2254 Petition." *See Romero v. Quarterman*, Northern District of Texas, cause # 2:08-CV-204, doc. #1, dismissed for want of prosecution March 23, 2009. The motion was denied by this Court, which, in the order denying set forth that the one-year limitations period established in the AEDPA would expire, absent any tolling, on November 29, 2008. *Id.*, doc. # 4. The Court ordered petitioner to immediately submit his federal petition. *Id.* Petitioner, however, did not submit a federal petition nor did he take any action on the case until this Court, in February 2009, issued a Report and Recommendation to dismiss the case for want of prosecution. *Id.*, doc. # 5. Petitioner filed objections to the Report and Recommendation, stating *inter alia*, he was attempting to exhaust his state remedies before pursuing federal habeas corpus relief. *Id.*, doc. #6. The Court overruled the objections, adopted the Report and Recommendation, and issued Judgment in the case on March 23, 2009. *Id.*, docs. # 7-8. Petitioner did not appeal or otherwise challenge the Court's actions. The instant petition is Romero's first federal habeas corpus petition challenging these convictions. Petitioner fails to mention his previous case in this Court in the pleadings of the instant case.

Any claims a habeas corpus petitioner in State custody raises in federal court must first be exhausted in state court. *See* 28 U.S.C. § 2254(b)(1). A petitioner must pursue his state claims within one year after the conviction becomes final, however, if he wishes to timely file a federal habeas corpus petition. Otherwise, the state application will not operate to equitably toll the

AEDPA limitations period and the petition will be time barred in federal court. *Id.* § 2244(d).

Petitioner has not offered any explanation justifying the lengthy delay between the finality of his conviction and his pursuit of state remedies. He does not argue the limitations period should start from any time other than the date on which the judgment became final. This Court forewarned petitioner of the AEDPA limitations time period and told him that he needed to file a habeas corpus petition. He did not do so. Had he filed a federal habeas corpus petition, he could have followed the advise offered by the Supreme Court in *Pace v. DeGuglielmo*—a prisoner can avoid the AEDPA time bar by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted," 544 U.S. 408, 416, 125 S.Ct. 1807, 1813, 161 L.Ed.2d 669 (2005), which the Court may have been obligated to grant. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Petitioner never filed a timely federal habeas corpus petition, however, and instead waited until over one year past the AEDPA period had expired to file his federal petition. Petitioner's application for habeas corpus relief is time barred. As such, it should be dismissed.

## III.
## RECOMMENDATION

Petitioner is time barred by more than a year from asserting the instant petition. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner RUBEN RAY ROMERO be DISMISSED.

IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of May, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).