IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBEN RAY ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-075 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### SUPPLEMENT TO MAY 3, 2010
### REPORT AND RECOMMENDATION TO DISMISS
### PETITION FOR A WRIT OF HABEAS CORPUS

On April 6, 2010,[1] petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. On May 3, 2010, this Court issued a Report and Recommendation to dismiss petitioner's federal application for habeas corpus relief because the petition was time barred. On May 19, 2010, petitioner filed objections to the Report and Recommendation. This Supplement to the Report and Recommendation will address petitioner's objections to the May 3, 2010 Recommendation. Because this Court concludes, as it did in its May 3, 2010 Report and Recommendation, that this habeas corpus petition is time barred, the undersigned finds no basis to change the previous recommendation that petitioner's federal application for habeas corpus relief be DISMISSED.

---

[1] Even though the petition was received and file marked by this Court on April 7, 2010, petitioner's petition is deemed filed on April 6, 2010, which is the date he delivered the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

I.
PROCEDURAL HISTORY

Petitioner advises he is confined pursuant to several October 30, 2007 convictions out of Potter County upon his guilty pleas. Petitioner did not directly appeal the convictions. Therefore, they became final thirty days after the entry of judgment, which was November 29, 2007. *See* Tex. R. App. P. 26.2(a)(1). Absent any tolling, the one-year limitations period established in 28 U.S.C. § 2244(d)(1)(A) would have expired November 29, 2008. Romero filed his federal petition on April 6, 2010.

As discussed in greater detail in the May 3, 2010 Report and Recommendation, on November 14, 2008, petitioner filed a document with this Court entitled "Motion for Leave of the Court for Extension of the Time to File Petitioner's 2254 Petition." *Romero v. Quarterman*, 2:08-CV-204. This Court denied the motion, advised petitioner of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) deadline, and ordered him to submit his habeas corpus petition. Petitioner failed to respond to the order or file a habeas corpus petition. On March 23, 2009, the Court dismissed the case for want of prosecution.

According to petitioner, he filed state applications for habeas corpus relief (one for each of his convictions) on March 6, 2009, which were denied without written order on the trial court findings on March 3, 2010. *In re Romero*, WR-71,935-01 to -07. As the Court explained in its May 3, 2010 Report and Recommendation, because the state applications were not filed before November 29, 2008, they did not statutorily toll the AEDPA. *See* 28 U.S.C. § 2244(d)(1)(A). Based on this record and petitioner's failure to argue the AEDPA time period should start from a date other than the day the conviction became final, the Court recommended the petition be dismissed as time barred under 28 U.S.C. § 2244(d)(1)(A).

## II.
## PETITIONER'S OBJECTIONS

In his May 19, 2010 objections, petitioner contends his petition is not time barred because:

1. The statute of limitations should be calculated beginning on the day he gained access to a law library.

2. In the alternative, the statute of limitations should be calculated beginning on the day he actually learned of the AEDPA.

3. In the alternative, the statute of limitations should be calculated beginning on the day he received his client case file from his trial attorney.

## III.
## PETITIONER'S OBJECTIONS ARE MERITLESS

Title 28 U.S.C. section 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. section 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to statutory tolling, the Fifth Circuit has held that the time period of § 2244 can also be equitably tolled in "appropriate exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

### A. Access to a Law Library

Petitioner first argues that he "did not have access to any legal materials or a law library until he reached the Nathaniel J. Neal Unit. As such[,] Romero argues the date of the start of the limitations period would begin then." (*Objections to the Report and Recommendation*, document 6, filed May 19, 2010, pg. 4). Petitioner advises he arrived at the Neal Unit on February 21, 2008 and that he began going to the law library in "mid-March of 2008." (*Id.* at 2).

Petitioner relies entirely upon *Egerton v. Cockrell* in making this argument. 335 F.3d 433 (5th Cir. 2003). The *Egerton* case involved an inmate who was convicted prior to the AEDPA's 1996 effective date. *Id.* at 434-35. The petitioner in that case alleged he was not aware of the AEDPA's existence prior to the expiration of the limitations period. *Id.* at 435. The state failed to offer any evidence, such as evidence that the prison law library contained a copy of the then-new legislation, indicating otherwise. *Id.* at 438. Given that set of facts, the Fifth Circuit held, "an inadequate prison law library may constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." *Id.* at 439. The court determined the limitations period began when Egerton was transferred to a facility where a copy of the AEDPA was available. *Id.*

First, *Egerton* is distinguishable. Egerton was confronted with the AEDPA limitations when the statute was brand new. *Id.* at 435. There was no evidence the prison law library in that case even contained the statute at that point in time. *Id.* at 436. The limitations period did not bar petitioner in that case because he had no way of discovering the new law. *Id.* at 437. Now that the AEDPA has been in effect for over a decade, it is unlikely that a prisoner could successfully rely upon *Egerton*, which was fact-specific to a prisoner dealing with a new law and no copy of the statute.

Second, even if the Court were to apply *Egerton* to Romero's situation, the limitations period would still bar the petition. Romero states he was moved to a facility with an adequate law library on February 21, 2008. If the limitations period began to run on that day, Romero's federal petition would have been due on February 21, 2009 absent any tolling. *See id.* at 439 (holding the AEDPA limitations period begins to run on the day a prisoner is transferred to a facility where a copy of the AEDPA is available). Because Romero filed his state habeas corpus applications on March 6, 2009, after the limitations period had already expired, statutory tolling is not available and the federal petition was due February 21, 2009. It was not filed until April 6, 2010. Consequently, even were the Court to apply *Egerton*, petitioner remains time barred.

### B. *Petitioner's Ignorance of the AEDPA*

Petitioner next contends the limitations period should begin on the day he actually learned of the AEDPA, which was November 12, 2008. The Fifth Circuit has squarely held a petitioner's ignorance of the AEDPA will not toll the limitations period. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Put another way, "mere ignorance of the law or of statutes of limitations is insufficient to warrant tolling." *Id.* Petitioner's contention the limitations period should begin when he learned of the statute of

limitations has no merit.

Under this point of error, petitioner additionally contends a prison lockdown extending from October 29, 2008 until November 28, 2008 was a state-created impediment. He urges the limitations period should be tolled for these thirty days. Prison lockdowns occurring during the one-year AEDPA limitations period do not generally toll the limitations period. *See United States v. Ramierez*, Crim. No. B-07-041-1, 2010 WL 837446, at *3 (S.D. Tex. Mar. 4, 2010); *United States v. Saenz-Lopez*, No. 3:08-CV-1601-M, 2009 WL 453932, at *3 (N.D. Tex. Feb. 23, 2009). *See also Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000).

In this case, the thirty-day lockdown would not justify tolling the one-year time period. Second, the lockdown occurred after the AEDPA time period had already expired. It therefore cannot toll the limitations period. Third, the lockdown apparently did not stop petitioner from attending the law library, because, according to his objections, he learned about the AEDPA on November 12, 2008, which was during the lockdown.

### C. Documents Supporting Petitioner's Claims

Petitioner finally contends the limitations period began on April 8, 2009 and April 20, 2009 because that was when he received his trial attorney's case files. As the Fifth Circuit made clear in *Flanagan*, there is a difference between the time for discovering the factual predicate of a claim (which will warrant equitable tolling) and "the time permitted for gathering evidence in support of that claim" (which will not warrant equitable tolling). *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Romero's contention the AEDPA time period can begin on the day he received his case file is clearly defeated by this Fifth Circuit precedent. *See id.*

Petitioner's application for habeas corpus relief is time barred. He has failed to proffer any

acceptable reason, either in his petition or his objections, why the AEDPA time period should be tolled. As such, the petition should be dismissed.

## IV.
## RECOMMENDATION

There is no contention advanced by petitioner in his May 19, 2010 objections warranting any change in the Recommendation of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RUBEN RAY ROMERO be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of May, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings,

legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).